JAYME C. LONG (Bar No. 202867)
jayme.long@dentons.com
SYLVIA CHIU (Bar No. 269844)
sylvia.chiu@dentons.com
ALEXANDER B. GIRALDO (Bar No. 311012)
alexander.giraldo@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone:  (213) 623-9300
Facsimile:  (213) 623-9924

Attorneys for Defendant
**OTIS ELEVATOR COMPANY**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY MCGUIRE,<br><br>           Plaintiff,<br><br>      v.<br><br>NBCUNIVERSAL MEDIA, LLC; OTIS ELEVATOR COMPANY, and DOES 1 - 25,<br><br>           Defendants. | CASE NO.<br><br>**OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 & 1446**<br><br>Complaint Filed: May 17, 2019 |

TO THE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.

PLEASE TAKE NOTICE that Defendant Otis Elevator Company ("Otis Elevator") contemporaneously with the filing of this Notice of Removal, hereby seeks removal of the below-referenced action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

The removal is based on 28 U.S.C. sections 1332, 1441(a) and 1446(a) and (b), and specifically, on the following grounds.

## PLEADINGS, PROCESS AND ORDERS

1. On or about May 17, 2019, Plaintiff Sherry McGuire ("Plaintiff") filed an action in the Superior Court for the State of California for the County of Los Angeles, entitled *Sherry McGuire v. NBCUniversal Media, LLC, et al.*, Case No. 19STCV17259 (the "Action").

2. The Complaint alleges a cause of action for premises liability against Defendants NBCUniversal, LLC and Otis Elevator. As to Otis Elevator, Plaintiff alleges that Otis Elevator "negligently maintained the malfunctioning escalator."

3. The Complaint alleges that Plaintiff fell on the highest ascending escalator from the lower lot to the upper lot of Universal Studios Hollywood, and that these injuries included trauma to Plaintiff's right knee, shin, and ankle, and permanent loss of turning mobility in such ankle.

4. Pursuant to 28 U.S.C. section 1446(a), a true and correct copy of Plaintiffs' Complaint and all process and pleadings with which Otis Elevator has been served in the Action are attached collectively as Exhibit A to Chiu Decl.

## TIMELINESS OF REMOVAL

5. Otis Elevator was served with the Complaint by personal service on June 5, 2019.

6. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is timely filed within thirty (30) days of Otis Elevator's notice and receipt of Plaintiff's Complaint.

## VENUE IS PROPER

7. This action was filed in the Superior Court for the State of California, County of Los Angeles and venue is therefore proper in this Court pursuant to 28 U.S.C. sections 84(c), 1391, 1441(a) and 1446.

## JURISDICTION

8. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION

9. This Court has jurisdiction over this case and the Action may be removed because it is a civil action wherein: (1) the total amount in controversy exceeds $75,000; and (2) the action is between citizens of different States. 28 U.S.C. §§1332(a), 1441(b). Here, the total amount in controversy exceeds the $75,000 threshold and complete diversity exists.

### A. AMOUNT IN CONTROVERSY

10. The Complaint is silent as to the total amount in controversy. However, Plaintiff Sherry McGuire alleges Defendants are responsible for her physical injuries, including trauma to her right knee, shin, and ankle, and the permanent loss of turning mobility in such ankle.

11. The Complaint seeks damages for pecuniary and non-pecuniary loss including, but not limited to, the Plaintiff's physical injuries, wage loss, loss of earning capacity, and hospital and medical damages. Complaint p. 3. Based on these allegations alone, it is facially apparent from the Complaint that the amount in controversy exceeds $75,000. *Lamke v. Sunstate Equipment Co., LLC*, 319 F.Supp. 2d 1029 at 1032 (N.D. Cal. 2004) *citing De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir.1993) (holding that the district court may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy).

12. Courts consider emotional distress damages in determining the amount in controversy, even when not clearly pled in the Complaint. *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d at 1250; *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("[E]motional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint.").

DENTONS US LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 & 1446

112701583\V-1

13. To establish the amount of emotional distress in controversy, "a defendant may introduce evidence of jury verdicts in other cases." *Cain*, 890 F.Supp.2d at 1250. Furthermore, "settlements and jury verdicts in similar cases can provide evidence of the amount in controversy." *Mireles v. Wells Fargo Bank, N.A.*, 845 F. Supp. 2d 1034, 1055 (C.D. Cal. 2012). Numerous cases demonstrate that if Plaintiff proves her case, a jury may award a verdict exceeding $75,000. *See*, *e.g.*, *Plaintiff Pedestrian v. Defendant Property Owner*, 33 Nat. J.V.R.A. 3:28, 2017 WL 9286342 (Cal. Super. 2017) (the jury returned a verdict of $628,986.00 where the plaintiff fell into storm drain, breaking her ankle); *John Elston and Evelyn Elston v. Hope International University and Swoosh Basketball*, 28 Nat. J.V.R.A. 3:25, 2012 WL 8262580 (Cal. Super. 2012) (the matter settled for $375,000.00 where the plaintiff fell on exposed metal bleachers sustaining an injury to the knee); *Plaintiff v. Defendants*, 26 Nat. J.V.R.A. 1:24, 2010 WL 9447132 (Cal. Super 2010) (a confidential settlement was reached for $575,000.00 in a matter where the plaintiff slipped and fell on sidewalk injuring the plaintiff's knee); *Ana Isabel Carranza v. Ralphs Grocery Company*, 29 Nat. J.V.R.A. 2:18, 2013 WL 8086410 (Cal. Super. 2013) (the matter settled for $1,250,000.00 where the plaintiff slipped and fell in the defendant's grocery store, sustaining injury to her left knee); *Sedillo v. City and County of San Francisco*, 30 Trials Digest 14th 22, 2011 WL 2784741 (Cal. Super. 2011) (the matter settled for $107,500.00 where a child's foot was caught in an escalator).).

14. Furthermore, Plaintiff's counsel has represented that the amount in controversy is approximately $350,000. (Chiu Decl., ¶5.)

15. Plaintiff's claim for premises liability thus exceeds the $75,000 jurisdictional minimum under 28 U.S.C. § 1332(a).

**B. CITIZENSHIP**

16. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th

- 4 -

Cir. 1983). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

17. Plaintiff, Otis Elevator, and NBCUniversal Media, LLC are the only parties to this action, according to the Complaint.

18. Plaintiff is a citizen of Arizona. (Chiu Decl., ¶5.)

19. Defendant Otis Elevator Company was and is a corporation incorporated under the laws of the State of New Jersey and has its principal place of business in the State of Connecticut.

20. Defendant NBCUniversal Media, LLC was and is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in the State of New York.

21. Otis Elevator and NBCUniversal Media, LLC are diverse in citizenship from Plaintiff. Complete diversity therefore exists for purposes of this Court's original jurisdiction and this Notice of Removal. 28 U.S.C. §§ 1332, 1441(a), (b).

## NOTICE TO PLAINTIFF AND SUPERIOR COURT

22. Upon the filing of this Notice of Removal in the United States District Court for the Central District of California, and pursuant to 28 U.S.C. section 1446(d), written notice of this filing will be given to Plaintiff and NBCUniversal Media, LLC, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles, California.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

OTIS ELEVATOR COMPANY'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332, 1441 & 1446

112701583\V-1

WHEREFORE, Otis Elevator requests the above-captioned action pending in the Superior Court of the State of California, for the County of Los Angeles, case number 19STCV17259, be removed from that court to this Court.

Dated:  July 3, 2019

Respectfully submitted,

DENTONS US LLP
Jayme C. Long
Sylvia Chiu
Alexander B. Giraldo

By: */s/ Sylvia Chiu*
Sylvia Chiu

Attorneys for Defendant
**OTIS ELEVATOR COMPANY**